UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00055-RJC

| | |
|---|---|
| MARCUS CURRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| NICK SABBINE, Director Alcohol Tobacco ) | |
| & Firearm Department, ANNE M. ) | |
| TOMPKINS, U.S. Attorney, HAAKON ) | |
| THORSEN, Attorney at Law, DAVID C. ) | |
| KEESLER, Magistrate Judge, DAVID CAYER, ) | |
| Magistrate Judge, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court upon receiving a letter from the North Carolina Department of Public Safety in response to this Court's Order for Trust Account Statement on June 4, 2013. (Doc. No. 4). Plaintiff filed this action on January 31, 2012, pursuant to 42 U.S.C. § 1983, naming as Defendants Nick Sabbine, identified as "Director Alcohol Tobacco & Firearm Department;" U.S. Attorney Anne M. Tompkins; attorney Haakon Thorsen; and U.S. Magistrate Judges David C. Keesler and David Cayer.[1] (Doc. No. 1). Plaintiff essentially alleges in the Complaint that he was falsely charged on December 13, 2011, with committing certain crimes and is being illegally incarcerated in violation of his due process rights and that this Court does not have jurisdiction over him because "Plaintiff is not under contract which he is compelled to

---

[1] Although Plaintiff filed the Complaint on a form used for actions brought pursuant to 42 U.S.C. § 1983, Section 1983 does not apply to federal employees and officials. Rather, a civil rights action against federal employees and officers in their individual capacities is properly characterized as arising under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002).

perform."² (Doc. No. 1 at 7).

The current listed address for Plaintiff is Mecklenburg County Jail, P.O. Box 34429, Charlotte, NC 28234-4429. The letter from the North Carolina Department of Public Safety states that the Department of Public Safety is unable to locate Plaintiff within the state prison system in order to comply with the Court's Order for Trust Account Statement. See (Doc. No. 4). Furthermore, this Court notes that a search of the Department of Public Safety web site confirms that Plaintiff is not currently incarcerated in the state prison system.

Plaintiffs have a general duty to prosecute their cases. In this regard, a pro se plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988). Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute. Rule 41(B) of the Federal Rules of Civil Procedure allows the district court to dismiss an action "[f]or failure of the plaintiff to prosecute." FED. R. CIV. P. 41(B). Before dismissing a case for failure to prosecute, a district court must consider the following factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Here, considering the four factors above, the Court finds that dismissal is appropriate. Most significantly here, Plaintiff will not be prejudiced because the dismissal will be without

---

² The Court takes judicial notice that on December 13, 2011, Plaintiff was indicted in this Court for knowingly and intentionally possessing with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). See (Criminal Case. No. 3:11cr401, Doc. No. 1: Indictment). On September 17, 2012, the Court granted the Government's motion to dismiss the indictment without prejudice. (Id., Doc. No. 38).

prejudice.[3]  Accord Walker v. Moak, No. 07-7738, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a §1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail).

**IT IS, THEREFORE, ORDERED** that:

1. This action is dismissed without prejudice.

2. The Clerk is directed to terminate the case.

Signed: June 6, 2013

Robert J. Conrad, Jr.
United States District Judge

---

[3] The Court notes that if Plaintiff re-files this action, it is likely subject to dismissal on the merits based on Defendants' defenses of prosecutorial immunity, judicial immunity, and/or that Defendants were not acting under color of federal or state law. Furthermore, Plaintiff's allegation in the Complaint that he is not subject to the laws of the United States or of the individual states is frivolous.